## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPENCER THOMAS CATO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0087-GKF-FHM |
| | ) |
| SKYLER HARGROVE, | ) |
| J.T. SNODDY, | ) |
| HEATH BROWNELL, | ) |
| | ) |
| Defendants.[1] | ) |

## OPINION AND ORDER

This matter is before the Court on defendants' motion to dismiss the amended complaint (Dkt. 23), and plaintiff's "motion to compel for special report and motions" (Dkt. 25). For the reasons discussed below, the Court denies plaintiff's motion to compel, grants defendants' dismissal motion and dismisses the amended complaint.

### I.    Procedural background

Plaintiff Spencer Thomas Cato, a state prisoner appearing pro se and in forma pauperis, commenced this action on February 14, 2019, by filing a civil rights complaint (Dkt. 1) pursuant to 42 U.S.C. § 1983. He filed an amended complaint (Dkt. 19) on August 23, 2019. Plaintiff claims defendants Skyler Hargrove, J.T. Snoddy and Heath Brownell, all three of whom are officers with the Tulsa Police Department, violated his rights, under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and his rights under the Oklahoma

---

[1] The correct spelling of Defendant Hargrove's first name is "Skyler" and Defendant Brownell's first name is "Heath." Dkt. 23, at 6 n.1. The Clerk of Court is directed to update the record to reflect the correct spelling of and complete names for both defendants.

Constitution, when they arrested him on June 10, 2017, following a traffic stop. Dkt. 19, at 1-3.[2]

Defendants filed a motion to dismiss the amended complaint (Dkt. 23), on October 4, 2019, and, as directed by the Court, submitted a special report (Dkts. 22, 24) pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Seven days later, plaintiff filed a "motion to compel for special report and motions" (Dkt. 25). Defendants filed a timely response (Dkt. 27), urging the Court to deny plaintiff's motion. To date, plaintiff has not filed a response to defendants' dismissal motion, and the time to do so has passed.[3]

## II.  Plaintiff's motion to compel (Dkt. 25)

In his motion to compel, plaintiff requests (1) that the Court provide him with copies of "all Court docket minutes and motion(s) previously filed and in the future," (2) that the Court deny any further requests from defendants for additional time to file the special report and respond to the amended complaint, and (3) that the Court impose sanctions against defendants "for not serving the [p]laintiff any motions" filed by defendants. Dkt. 25. Defendants urge the Court to deny the motion to compel and plaintiff's request for sanctions. Dkt. 27.

For three reasons, the Court denies plaintiff's motion. First, plaintiff's request for copies is overly broad. The Clerk of Court shall send to plaintiff a copy of the docket sheet so that plaintiff may submit a written request for copies of specific documents, along with payment for any copies

---

[2] For consistency, the Court's citations to the pleadings refer to the CM/ECF header pagination.

[3] In the order directing defendants to file a special report and an answer or dispositive motion, the Court expressly advised plaintiff that if one or more defendant were to file a dismissal motion, plaintiff "shall file a response within twenty-one (21) days after the filing of the motion." Dkt. 9, at 2. The Court further advised plaintiff that "[f]ailure to file a response to a motion to dismiss, or any other dispositive motion, could result in the entry of relief requested in the motion." *Id.* Despite these advisements, plaintiff did not file a response and did not seek additional time to do so. Plaintiff has, however, filed three notices of change of address since defendants filed the dismissal motion. Dkts. 28, 29, 30.

requested. Plaintiff is advised that the statutory rate for copies is $ 0.50 per page. *See* 28 U.S.C. § 1914, *District Court Miscellaneous Fee Schedule*, ¶ 4. Second, plaintiff's request that the Court deny any further extensions of time for filing the special report or for responding to the amended complaint were moot before plaintiff filed the motion to compel on October 11, 2019, because defendants filed the special report and their dismissal motion on October 4, 2019. *See* Dkts. 22, 23, 24. Third, to the extent plaintiff requests sanctions for defendants' alleged failure to comply with service requirements, the record does not support his request. As defendants contend, the record shows that they complied with the rules governing service by mail for documents filed in this case. Dkt. 27, at 1; *see* Dkt. 15, at 3 (certificate of service); Dkt. 20, at 3 (certificate of service); Dkt. 22, at 11 (certificate of service); Dkt. 24, at 2 (certificate of service).

For these reasons, the Court denies plaintiff's "motion to compel for special report and motions."

### III. Defendants' motion to dismiss (Dkt. 23)

In their dismissal motion, defendants contend the amended complaint should be dismissed because (1) the facts alleged do not support any claims under the Eighth and Fourteenth Amendments, (2) *Heck v. Humphrey*, 512 U.S. 477 (1994), bars plaintiff's Fourth Amendment claims, (3) defendants are entitled to qualified immunity, and (4) the facts alleged do not support a claim for punitive damages. Dkt. 23, at 6-7.

Even though plaintiff did not respond to the dismissal motion, this Court must consider whether the allegations in the amended complaint are sufficient to withstand defendants' motion. *ISSA v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). In addition, because plaintiff appears in forma pauperis, this Court has a continuing obligation to determine whether the amended complaint should be dismissed for failure to state a claim upon which relief may be granted. *See*

3

28 U.S.C. § 1915(e)(2)(B)(ii) (directing the court to "dismiss the case at any time" if the court determines that a complaint filed by a litigant proceeding in forma pauperis "fails to state a claim on which relief may be granted"). Regardless of whether the Court considers the sufficiency of the amended complaint under Rule 12(b)(6) or under § 1915(e)(2)(B)(ii), the dismissal standard is the same. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

### A. Dismissal standard

To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim. *Id.* at 556. The complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.* at 555.

When considering the sufficiency of the complaint, a court accepts as true all the well-pleaded factual allegations and construes them in the plaintiff's favor. *Id.* Conversely, the court disregards legal conclusions and other conclusory statements that are without factual support. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, while the court must liberally construe a complaint filed by a pro se plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a pro se plaintiff must "alleg[e] sufficient facts on which a recognized legal claim could be based," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. Allegations in the amended complaint

In count one, plaintiff claims Officer Hargrove violated his Fourth Amendment rights in two ways. First, he alleges Hargrove initiated a "pretextual traffic stop" and "violated probable cause" on June 10, 2017, by stopping plaintiff "for having city traffic warrants" even though

4

plaintiff "did not violate any traffic laws." Dkt. 19, at 2. Second, he alleges Hargrove used excessive force against him, causing "serious injuries" to plaintiff's "left and right scapula (shoulders) in his upper back." *Id.*

In count two, plaintiff claims Officers Hargrove and Snoddy violated his rights under the Eighth Amendment because "cruel and unusual punishment was inflicted against and upon [him]" when he asked Hargrove "a lawful question" and Snoddy "help[ed] . . . Hargrove cause [his] serious bodily injuries by assisting with the excessive force during the traffic stop." Dkt. 19, at 2-3. Plaintiff appears to rely on these same allegations to assert a "First Amendment violation freedom of speech and religion" against both officers. *Id.* at 2.

In count three, plaintiff claims he "was deprived of equal protection & due process of the law" during the traffic stop, in violation of the Fourteenth Amendment. Dkt. 19, at 3. To support these claims, plaintiff alleges Officer Brownell "was present and witnessed the excessive force by his fellow officers." *Id.*

For these alleged constitutional violations, plaintiff seeks (1) monetary damages "for injuries [and] medical expenses to get surgery," "[e]motional distress," "legal injuries (Paying lawyers & Courts)," and being "illegally imprisoned," (2) unspecified punitive damages, and (3) "any other relief this Court deems proper & just." Dkt. 19, at 3.

**C.   Analysis**

Plaintiff brings this action under 42 U.S.C. § 1983, which provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." To

state a plausible § 1983 claim, a plaintiff must allege facts showing (1) that a "person" (2) acting under color of state law (3) deprived the plaintiff "of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.     First, Eighth and Fourteenth Amendment violations

For several reasons, the Court finds that the amended complaint fails to state any plausible § 1983 claims in counts two and three. First, plaintiff alleges in count two that Officers Hargrove and Snoddy used excessive force during a traffic stop and arrest, in violation of the Eighth Amendment, by inflicting "cruel and unusual punishment against and upon" him and causing injuries to his shoulders. Dkt. 19, at 2-3. As defendants argue, even accepting these allegations as true, any claim plaintiff may have against them for an alleged use of excessive force arises under the Fourth Amendment, not the Eighth Amendment. Dkt. 23, at 20-22; *see Porro v. Barnes*, 624 F.3d 1322, 1325-26 (10th Cir. 2010) (explaining that force used "leading up to and including an arrest" implicates the Fourth Amendment's prohibition against unreasonable seizures, force used against pretrial detainees implicates the due process protections of the Fifth and Fourteenth Amendments, and force used against convicted inmates implicates the Eighth Amendment's prohibition against cruel and unusual punishment). Thus, plaintiff fails to state a plausible Eighth Amendment claim.

Second, plaintiff alleges in count two that Officers Hargrove and Snoddy violated his First Amendment rights to free speech and freedom of religion by punishing him "for asking a lawful question." Dkt. 19, at 2-3. Defendants' dismissal motion does not appear to address plaintiff's First Amendment claims. Dkt. 23, generally. Regardless, neither plaintiff's vague allegation that he asked a lawful question nor any of the other facts alleged in the amended complaint remotely suggests that plaintiff was attempting to exercise his religion by asking a question or that the

6

officers' alleged use of excessive force placed a substantial burden on, or even interfered with, plaintiff's right to exercise his religion. *See, e.g.*, *Sause v. Bauer*, 138 S. Ct. 2561, 2562-63 (2018) (stating that the First Amendment undoubtedly "protects the right to pray," but noting that a law enforcement officer "may lawfully prevent a person from praying at a particular time and place" and citing, as an example, that an officer arresting a suspect may order the suspect into a patrol car for transportation without permitting the suspect "to delay that trip by insisting on first engaging in conduct that, at another time would be protected by the First Amendment"). Likewise, the facts alleged in the amended complaint do not state a plausible claim that the officers used excessive force against him as retaliation for plaintiff's act of engaging in protected speech. *See, e.g.*, *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (noting, generally, that "'the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech" (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006))). Again, even accepting the truth of plaintiff's bare allegation that Officers Hargrove and Snoddy punished him for asking a lawful question, plaintiff's failure to allude to the substance of that question renders his purported free-speech claim conclusory and implausible. Thus, plaintiff fails to state any plausible First Amendment claims.

Third, plaintiff alleges in count three that Officer Brownell violated his Fourteenth Amendment rights to due process and equal protection of the law by being present for and witnessing the other officers' alleged use of excessive force that resulted in plaintiff's "bodily harm." Dkt. 19, at 3. Generously construing plaintiff's allegations, he appears to intend to hold Brownell liable for the other officers' alleged use of excessive force under a theory that Brownell failed to intervene. *See Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996) ("[A] law enforcement official who fails to intervene to prevent another law enforcement official's use of

excessive force may be liable under § 1983."). But the amended complaint fails to state a plausible due-process claim under the Fourteenth Amendment for the same reason that it fails to state a plausible Eighth Amendment claim: on the facts alleged plaintiff's excessive-force claim arises under the Fourth Amendment because the officers allegedly used excessive force during plaintiff's arrest. *Porro*, 624 F.3d at 1325-26. And the amended complaint fails to state a plausible equal-protection claim under the Fourteenth Amendment because plaintiff alleges no facts showing that Brownell treated him differently than similarly situated arrestees by allegedly failing to intervene in the other officers' alleged use of excessive force. Dkt. 19, at 3; *see Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."). Thus, the amended complaint fails to state any plausible Fourteenth Amendment claims.

The Court therefore finds that the amended complaint fails to state any plausible claims against defendants under the First, Eighth or Fourteenth Amendments. For that reason, the Court grants defendants' dismissal motion as to the Eighth and Fourteenth Amendment claims, concludes the First Amendment claims must be dismissed under § 1915(e)(2)(B)(ii), and dismisses the amended complaint as to all claims asserted in counts two and three.

### 2. Fourth Amendment violations

As previously stated, in count one of the amended complaint, plaintiff alleges that Officer Hargrove (1) initiated a traffic stop without probable cause to believe plaintiff committed any traffic violations and (2) used excessive force against him during the traffic stop and his arrest, resulting in injuries to plaintiff's shoulders. Dkt. 19, at 2-3. He further alleges that Officer Snoddy participated in the use of excessive force "by assisting" Hargrove, and that Officer Brownell

8

participated by being "present and witness[ing]" the other officers' actions and, presumably, by failing to intervene. Dkt. 19, at 2-3.[4]

Defendants contend that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars plaintiff's false arrest and excessive-force claims "because the theory of recovery proffered in support of his claims is inconsistent with his prior convictions" in the District Court of Tulsa County, Case No. CF-2017-3445, which flowed directly from the traffic stop and arrest. Dkt. 23, at 12-14. For the reasons stated below, the Court agrees and finds that the amended complaint must be dismissed as to both Fourth Amendment claims asserted in count one.

### a.  Materials considered

Preliminarily, both parties ask this Court to review a videotaped recording of the traffic stop and plaintiff's arrest in determining whether the Fourth Amendment claims should be dismissed. Dkt. 19, at 2; Dkt. 23, at 10-12. Defendants also ask the Court to consider facts drawn from documents included in the defendants' special report—specifically, facts relating to plaintiff's convictions, in the District Court of Tulsa County, Case No. CF-2017-3445, which arose from the traffic stop and arrest identified in the amended complaint. Dkt. 23, at 11-14. Relying mainly on documents evidencing plaintiff's convictions, defendants argue that the *Heck* doctrine bars his Fourth Amendment claims. *Id.*

As a general rule, a court determines the sufficiency of the complaint based solely on the allegations contained within the four corners of the complaint. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Nonetheless, a court may consider limited materials outside of the

---

[4] Plaintiff does not include any factual allegations against Officers Snoddy and Brownell in the supporting facts for count one. Dkt. 19, at 2. But, as just discussed, the Court finds it reasonable to read his allegations against those officers, as asserted in counts two and three, as implicating the Fourth Amendment claims he asserts in count one.

9

complaint without converting a Rule 12(b)(6) motion to a motion for summary judgment. *Id.* As relevant here, a court may consider certain documents referred to in the complaint or attached to the complaint and "matters of which a court may take judicial notice." *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). With one exception not applicable here, a court generally may not consider facts from a *Martinez* report. *Gee*, 627 F.3d at 1186; *see also Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the *Martinez* report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes.").

Because plaintiff's Fourth Amendment claims arise from his June 2017 arrest and because defendants argue, in part that *Heck* bars those claims, the Court finds it appropriate to take judicial notice of the state-court record from the criminal proceeding in the District Court of Tulsa County, Case No. CF-2017-3445, that flowed directly from plaintiff's June 2017 arrest. And, in light of that record, the Court agrees with defendants that *Heck* bars plaintiff's claims. Dkt. 23, at 12-14. However, because *Heck*'s application is clear from the allegations in the complaint and from the facts subject to this Court's judicial notice, the Court finds it unnecessary to review the videotape of plaintiff's arrest or to decide whether it would be appropriate to view that videotape when, as defendants acknowledge, the videotape is not a "document" as contemplated in *Gee* or the cases cited therein. Dkt. 23, at 11; *see Gee*, 627 F.3d at 1186.

      **b.**     **The *Heck* bar**

When, as here, a plaintiff brings a § 1983 action and seeks "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must first "prove that

10

the conviction or sentence has been reversed . . . expunged . . . declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted). In determining whether *Heck* bars a plaintiff's claim,

> the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (emphasis in original) (footnotes omitted).

As relevant to his Fourth Amendment claims, a jury convicted plaintiff of two traffic offenses and of resisting an officer, in violation of Okla. Stat. tit. 21, § 268. *State v. Cato*, No. CF-2017-3445, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2017-3445&cmid=3059756, last visited May 26, 2020. Nothing in the state-court record suggests that these convictions have been reversed or otherwise invalidated. Thus, to determine whether *Heck* bars plaintiff's Fourth Amendment claims, the Court must consider whether success on his false-arrest and excessive-force claims "would necessarily imply the invalidity of his conviction[s]." *Id.*

To prevail on his false-arrest claim, plaintiff would have to show that defendants lacked probable cause to arrest him. *Howl v. Alvarado*, 783 F. App'x 815, 818 (10th Cir. 2019) (unpublished).[5] *Heck* does not necessarily bar a claim for false arrest. *Laurino v. Tate*, 220 F.3d 1213, 1217 (10th Cir. 2002). But *Heck*'s bar does apply when a plaintiff contends that the "arrest was improper because he had not committed the alleged offenses." *Jackson v. Loftis*, 189 F. App'x

---

[5] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

11

775, 779 n.1 (10th Cir. 2006) (unpublished). And that is precisely what plaintiff alleges in the amended complaint. He alleges the traffic stop was "pretextual" and that defendants lacked probable cause to arrest him because he "did not violate any traffic laws." Dkt. 19, at 2. If true, plaintiff's allegations would necessarily imply the invalidity of his traffic-offense convictions. Thus, as defendants contend, *Heck* bars his false-arrest claim.[6]

To prevail on his excessive-force claim, plaintiff would have to show that defendants' alleged use of force was objectively unreasonable under the totality of the circumstances. *Carabajal v. City of Cheyenne*, 847 F. 3d 1203, 1208-09 (10th Cir. 2017). "The reasonableness of a seizure depends on when or why the seizure was made and how it was accomplished." *Id.* *Heck* does not necessarily bar an excessive-force claim. In *Havens v. Johnson*, 783 F.3d 776, 783 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit considered *Heck*'s application in the context of an excessive-force claim. There, after a jury convicted the plaintiff of attempted assault against a detective, the plaintiff brought a § 1983 action against the same detective, alleging a Fourth Amendment excessive-force claim. *Havens*, 783 F.3d at 777. The Tenth Circuit reasoned that "[a]n excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer." *Id.* at 782. Thus, "[t]o determine the effect of *Heck* on an excessive-force claim, the court must compare the plaintiff's allegations to the offense he committed." *Id.* Here, plaintiff alleges he was stopped for a traffic violation that

---

[6] Moreover, even if *Heck* does not bar plaintiff's false-arrest claim, the doctrine of collateral estoppel does. *See Franklin v. Thompson*, 981 F.2d 1168, 1171 (10th Cir. 1992) (stating that "plaintiff's conviction . . . establishes the legality of the arrest and precludes relitigation of the issue in her § 1983 action"); *Hubbert v. City of Moore*, 923 F.2d 769, 772-73 (10th Cir. 1991) (holding that, when a criminal defendant had a full and fair opportunity to litigate the issue of probable cause for his or her arrest during the preliminary hearing in a state court criminal proceeding, the state court's probable cause finding is binding in a later civil rights action asserted in federal court).

he did not commit, that he asked Officer Hargrove "a lawful question," and that Hargrove and Snoddy responded to his question with excessive force and "caused serious injuries" to his shoulders. Dkt. 19, at 2-3. If these facts are true, a rational juror could find the defendants' conduct unreasonable and the alleged use of force therefore excessive. But, if these facts are true, plaintiff's allegations would also necessarily imply the invalidity of his conviction for resisting an officer which required the jury in his state criminal case to find that plaintiff knowingly used force or violence to resist one or more of the defendants when they arrested him. *See* Okla. Stat. tit. 21, § 268 (criminalizing resisting an officer and providing that "[e]very person who knowingly resists, by the use of force or violence, any executive officer in the performance of his duty, is guilty of a misdemeanor"); *see also Havens*, 783 F.3d at 783-84 (discussing cases from Seventh and Ninth Circuits and reasoning that *Heck* bars an excessive-force claim when a plaintiff convicted of resisting or assaulting an officer claims in the subsequent civil case that he or she was the victim of an unprovoked assault). As a result, the Court agrees with defendants that *Heck* also bars plaintiff's excessive-force claim.

For these reasons, the Court finds that *Heck* bars plaintiff's Fourth Amendment claims. The Court therefore grants defendants' dismissal motion and dismisses the amended complaint as to the Fourth Amendment claims asserted in count one.[7]

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall update the record to reflect the correct spelling of Defendant Skyler Hargrove and the full name of Defendant Heath Brownell.

---

[7] Because the amended complaint must be dismissed, in part, for failure to state a claim and, in part, because *Heck* bars the Fourth Amendment claims, the Court finds it unnecessary to address defendants' assertion of qualified immunity or their argument that plaintiff fails to state a claim for punitive damages. Dkt. 23, at 14-20, 22.

2. Plaintiff's motion to compel (Dkt. 25) is **denied**.

3. The Clerk of Court shall send to plaintiff a copy of the docket sheet so that plaintiff may submit a written request for copies of specific documents, along with payment for any copies requested. Plaintiff is advised that the statutory rate for copies is $ 0.50 per page.

4. Defendants' motion to dismiss (Dkt. 23) **is granted**.

5. The amended complaint (Dkt. 19) is **dismissed without prejudice**, in part, for failure to state a claim and, in part, because *Heck* bars his Fourth Amendment claims.

6. This is a final order terminating this action.

7. A separate judgment shall be entered in this matter.

**DATED** this 27th day of May 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE